JS-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Respondent, ) <br> ) <br> v. ) <br> ) <br> ONOFRE SERRANO, ) <br> ) <br> Petitioner. ) <br> _____ ) | Case No. CR 12-01056 DDP <br><br> **ORDER TO REMAND** |

Presently before the court is Petitioner's Petition for Removal of Criminal Prosecution. The court denies the petition.

**I.  BACKGROUND**

On May 25, 2012, police officers stopped Petitioner in their investigation of a possible kidnaping. Petitioner was then arrested and later charged with pimping, pimping a minor over age 16, attempted pandering by procuring, and possession of a firearm by a prior felon. Petitioner brings this Petition for Removal under 28 U.S.C. §§ 1443(1) and 1455.

**II. LEGAL STANDARD**

Under 28 U.S.C. 1443(1), a criminal defendant may remove a case to the district court of the United States where the state

proceeding is pending if the prosecution is "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all the persons within the jurisdiction thereof." The procedures and requirements for removal of criminal prosecutions are governed by 28 U.S.C. § 1455.

**III. DISCUSSION**

Petitioner's Petition is untimely. "A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless Petitioner can show good cause to extend the filing date. 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears . . . that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Petitioner was arraigned in state court as of August 31, 2012.[1] The Petition for Removal was received by the court on October 30, 2012, more than thirty days after the arraignment. Petitioner does not demonstrate good cause for the delay. Thus, the Petition is untimely.

The court notes that even if the Petition had been timely filed, Petitioner does not appear to be a criminal defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction

---

[1] The exact date of the arraignment is unclear from Petitioner's papers. A preliminary hearing involving a motion to suppress was held on August 17, 2012. Yet, the information sheet containing the four charged counts was dated August 31, 2012.

2

thereof." 28 U.S.C. § 1443(1). The Supreme Court has repeatedly held that removal under § 1443(1) will only be permitted if the defendant can satisfy a two-part test. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). It must appear that the Petitioner is: (1) deprived rights guaranteed by federal laws providing for racial equality; and (2) denied or cannot enforce their rights in state court usually because of a state statute or constitutional provision. Id.; see also Patel v. Del Taco, Inc., 446 F.3d 996, 998-99 (9th Cir. 2006).

Here, Petitioner states that the "purpose was to prevent Petitioner and other African Americans . . . from seeking the equal protection of the laws . . . of the United States and the State of California." (Mot. at 2.) Even if the court found that this conclusory statement constituted a deprivation of rights guaranteed by the Equal Protection Clause, Petitioner fails to meet the second prong of the test. Petitioner puts forward no evidence that indicates he cannot enforce his rights in state court due to a state statute or constitutional provision. Thus, Petitioner does not meet the necessary requirements to remove based on a claim under § 1443(1).

Further, Petitioner alleges that his arrest, detention, and subsequent searches were unconstitutional. However, a prosecution that "is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of [§ 1443(1)]." Johnson, 421 U.S. at 219.

///
///
///

3

**IV. CONCLUSION**

Accordingly and for the reasons stated above, the Petition is DENIED and the matter is REMANDED.

IT IS SO ORDERED.

Dated: November 15, 2012

DEAN D. PREGERSON
United States District Judge